UNITED STATES DISTRICT COURT            FILED

DISTRICT OF CONNECTICUT

2007 JAN 18 P 2: 59

Grand Jury B-06-1

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | Criminal No. 3:07cr O11 (JCH) |
| v. | : | |
| | | |
| COREY DAVIS, a.k.a. | : | Violations: |
| "Magnificent" and | | 18 U.S.C. §§ 371 |
| SHAMERE MCKENZIE, a.k.a | : | (Conspiracy to Transport Minors for |
| "Barbie." | | Immoral Purposes) |
| | : | 18 U.S.C. § 1591 |
| | | (Sex Trafficking) |
| | : | 18 U.S.C. § 1589 |
| | | (Forced Labor) |
| | : | 18 U.S.C. § 1592 |
| | | (Document Servitude) |
| | : | 18 U.S.C. § 2423 |
| | | (Transportation of a Minor for |
| | : | Immoral Purposes) |
| | | 18 U.S.C. § 2421 |
| | : | (Transportation of an Individual |
| | | for Immoral Purposes) |
| | | 18 U.S.C. § 1208 |
| | : | (Kidnapping) |
| | | 18 U.S.C. § 2 (Aiding and Abetting) |
| | | 18 U.S.C. § 1594 (Forfeiture) |

### INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (The Conspiracy To Transport Minors
### and Women for Immoral Purposes)

### The Defendants

1.   **COREY DAVIS, a.k.a "Magnificent," ("DAVIS")** a

defendant herein, is a citizen of the United States and was born

on or about February 13, 1972. At times relevant to this

Indictment, **DAVIS** was a pimp who controlled and managed a group of female prostitutes who he housed in Queens, New York.

2.   **SHAMERE MCKENZIE, a.k.a. "Barbie" ("MCKENZIE")**, a defendant herein, is a citizen of the United States and was born on or about July 21, 1983.  At various times relevant to this Indictment, **MCKENZIE** resided in Queens, New York.  At all times relevant to this indictment, **MCKENZIE** was **DAVIS'S** "bottom," the pimp's most trusted prostitute, who facilitated transportation of the female prostitutes to various adult strip clubs, collected cash proceeds generated through the prostitution, informed them of the "rules," and maintained control over them when **DAVIS** was not present.

### The Minor Victims

3.   MV#1, whose true identity is known to the Grand Jury, is a girl who at the time of the commission of the offenses was twelve-years-old.

4.   MV#2, whose true identify is known to the Grand Jury, is a female who at the beginning of the commission of the offenses was seventeen-years-old.

5.   There were other females, whose true identities are unknown to the Grand Jury but who have been identified by their "stage" names and who were also victims in this case.

### Overview of the Conspiracy

6.   Commencing from at least early 2005 until December

2

2006, the exact dates unknown to the Grand Jury, the defendants were involved in a conspiracy, the object of which was to knowingly and intentionally transport girls, in interstate commerce, who had not attained eighteen years of age, with the intent that they engage in prostitution or other unlawful sexual activity.

7.    To carry out this plan, **DAVIS** and others named and unnamed in this Indictment, recruited minor girls and other females and forced them to work as dancers in strip clubs and to engage in sexual acts in exchange for money; required them to turn over to **DAVIS** and **MCKENZIE** all of the money; beat them; threatened them with serious bodily harm; confined them at a location in Queens, New York; and transported them across state lines.

## The Principal Goals of the Conspiracy

8.    The principal goals of the conspiracy were for **DAVIS** and his co-conspirators: (a) to force the females to work for him as dancers and prostitutes so that he could enrich himself by taking the monies earned by the girls; and (b) to control them through physical and psychological coercion, including, but not limited to, beatings, rapes, confinement, threats of serious harm, intimidation and humiliation.

## The Manner and Means of the Conspiracy

9.    In furtherance of this plan, in or about late 2004

3

or early 2005, the exact dates unknown to the Grand Jury, **DAVIS** and others, recruited MV#1 at a adult club in New York. After speaking with MV#1, **DAVIS** subsequently directed her to go to his car and then drove MV#1 and other females who were working for him to a residence  located in Queens, New York.  Thereafter, **DAVIS** drove MV#1 to get hair extensions, a manicure, dancing clothes, and dance shoes so that she could begin working for him as a prostitute and dancer at strip clubs.  **DAVIS**, who was aware MV#1 was under eighteen (18) years of age, also obtained a fraudulent identification card for MV#1 which falsely stated that she was born in 1984 when in fact she was born in 1992.

### DAVIS and Others Control MV#1

10.  Beginning in or about early 2005 and continuing through to in or about May 2005, both dates being approximate and inclusive, within the District of Connecticut and elsewhere, MV#1 was required to make money for **DAVIS** by dancing and engaging in sexual acts at strip clubs where he directed her to work, to engage in sexual acts at private parties where he directed her to work, and by requiring her to engage in sexual acts at a "track" (a geographic area known for prostitution) in Queens.  **DAVIS** drove MV#1 from New York to Connecticut for the purpose of dancing and engaging in sexual acts in exchange for money.  While in Connecticut, MV#1 primarily worked at Bishop's Corner Café (BCC), located in Bridgeport, Connecticut where it was not

4

unusual for her to work approximately (12) hours per day and where **DAVIS** often required her to earn one thousand dollars ($1,000.00) per day through dancing and/or prostitution.   Both **DAVIS** and **MCKENZIE** directed MV#1 to engage in sexual activity and **MCKENZIE** told MV#1 how much to charge for various sex acts at the various clubs.  **DAVIS** also obtained hotel rooms for MV#1 and the other girls when they stayed in the same location for more than one day.  **MCKENZIE** collected money from MV#1 and the other females if **DAVIS** was not present.  MV#1 was directed to turn over all the money that she made to **DAVIS** and/or **MCKENZIE.**

11.   In order to ensure MV#1's obedience, and to prevent her from leaving, **DAVIS:** (1) beat her by punching, kicking and slapping her; (2) humiliated and degraded MV#1 and the other girls; (3) threatened MV#1 with serious physical harm; (4) beat, humiliated and degraded the other girls in front of MV#1; and (5) threatened the other girls with serious physical harm in front of MV#1.  **DAVIS** retained control of MV#1 by, *inter alia*, at various times confining her in a house in Queens, New York.

12.   In or about May 2005, MV#1 ran away from DAVIS.

### DAVIS and Others Control MV#2

13.   In or about January 2006, the exact dates unknown to the Grand Jury, **DAVIS** and an unnamed co-conspirator recruited MV#2.  The unnamed co-conspirator falsely enticed MV#2 by telling

her that he had a friend who had a basement apartment in New York to rent for a nominal amount of money.  MV#2 went to see the apartment -- the same location in Queens, New York where MV#1 was taken and where the other females were confined -- and agreed to rent it.  The unnamed co-conspirator moved MV#2 into the apartment with all of her belongings and identification documents.  Once in the apartment, **DAVIS** approached her, took her cellular telephone and locked her inside.  DAVIS told her that he is a pimp and told her that his girls work for him in strip clubs and confiscated her identification documents.   On her first day in the house, **DAVIS** directed MV#2 to wear dance outfits and high-heel shoes selected by him.  MV#2 protested and asked to leave but was frightened by **DAVIS** into staying and working for him.

14.  **DAVIS** then drove MV#2 from New York to Connecticut.  **DAVIS** had possession over her identification documents which indicated that she was seventeen-years-old and discussed her age with her.  MV#2 was introduced to other girls who worked for **DAVIS**, including **MCKENZIE** who informed her of the rules which required her to dance and engage in prostitution and approximately how much she should charge for the various sex acts.  **MCKENZIE** was also aware of MV#2's age and directed her not to tell anyone her age.  **MCKENZIE** facilitated the transport and housing at hotels of the females.  MV#2 was required to turn over

6

all of the money that she earned to **DAVIS** and/or **MCKENZIE**.

15.   MV#2 was directed to work primarily at "Pleasant Moments" located in Bridgeport, Connecticut.  MV#2 was also required to work "locked door" parties in underground clubs. In or about March 2006, after she had turned eighteen-years-old, MV#2 flew to Dallas, Texas with the defendants and the other girls where they danced and engaged in prostitution.

16.   In order to ensure MV#2's obedience, and to prevent her from leaving, **DAVIS**: (1) beat MV#2 which included punching her, kicking her and slapping her; 2) humiliated and degraded MV#2 and the other girls; 3) threatened MV#2 with serious physical harm; 4) beat and humiliated and degraded the other girls in front of MV#2; and 5) threatened the other girls with serious physical harm in front of MV#2.  **DAVIS** retained control of MV#2 by, *inter alia*, confining her in a house in Queens, New York.  **DAVIS** also brandished a firearm in front of MV#2.  **DAVIS** hit her with a firearm and in one instance put the firearm in her mouth.

### The Conspiracy

17.   Beginning in or about early 2005 and continuing through in or about December 2006, both dates being approximate and inclusive, within the District of Connecticut and elsewhere, **COREY DAVIS, a/k/a "Magnificent,"** and **SHAMERE MCKENZIE, a/k/a "Barbie,"** the defendants herein, and others known and unknown,

7

unlawfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, that is, to violate Title 18, United States Code, Sections 2421 and 2423.

## Objects of the Conspiracy

18.   It was further a part and an object of the conspiracy that **DAVIS**, **MCKENZIE**, and others, did knowingly and intentionally transport in interstate commerce individuals who had not attained the age of 18 years, with intent that such individuals engage in prostitution and other unlawful sexual activity in violation of Title 18, United States Code, Section 2423.

19.   It was a part and an object of the conspiracy that **DAVIS**, **MCKENZIE**, and others, did knowingly and intentionally transport in interstate commerce individuals with intent that such individuals engage in prostitution and other unlawful sexual activity in violation of Title 18, United States Code, Section 2421.

## Overt Acts

20.   In furtherance of the conspiracy, and to effect its illegal objectives, **DAVIS**, **MCKENZIE**, and other co-conspirators committed and caused to be committed the following overt acts, among others, in the District of Connecticut and elsewhere:

8

a. In or about early 2005, the exact date unknown to the Grand Jury, **DAVIS** and unnamed others recruited MV#1 to work as a dancer in strip clubs in Connecticut and elsewhere;

b. In or about January 2006, the exact date unknown to the Grand Jury **DAVIS** and unnamed others recruited MV#2 to work as a dancer in strip clubs in Connecticut and elsewhere;

c. Beginning in or about early 2005 and continuing through in or about May 2005, both dates being approximate and inclusive, **DAVIS** required MV#1 to service numerous men by engaging in unlawful sex acts in Connecticut and elsewhere;

d. Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **DAVIS** required MV#2 to service numerous men by engaging in unlawful sex acts in Connecticut and elsewhere;

e. **DAVIS** required other females to service numerous men by engaging in unlawful sex acts in Connecticut and elsewhere;

f. Beginning in or about early 2005 and continuing through in or about May 2005, **DAVIS** recruited and controlled MV#1 through physical violence and psychological coercion;

g. Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **DAVIS** recruited and controlled MV#2 through physical violence and psychological coercion;

9

h.    **DAVIS** recruited and controlled other females through physical violence and psychological coercion;

i.    Beginning in or about early 2005 and continuing through in or about May 2005, **DAVIS** harbored and confined MV#1 in a house in Queens, New York;

j.    Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **DAVIS** harbored and confined MV#2 in a house in Queens, New York;

k.    **DAVIS** harbored and confined other females in a house in Queens, New York.

l.    Beginning in or about early 2005 and continuing through in or about May 2005, both dates being approximate and inclusive, **DAVIS** transported MV#1 from New York to Connecticut for the purpose of dancing and engaging in unlawful sexual activity at strip clubs;

m.    Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **DAVIS** and **MCKENZIE** transported MV#2 from New York to Connecticut for the purpose of dancing and engaging in unlawful sexual activity at strip clubs;

n.    **DAVIS** and **MCKENZIE** transported other females from New York to Connecticut for the purpose of dancing and engaging in unlawful sexual activity in strip clubs;

10

o.    In or about March 2006, **DAVIS** and **MCKENZIE** facilitated the transportation of MV#2 and other females to Dallas, Texas where they was required to work as dancers and engage in unlawful sexual acts;

p.    Beginning in or about early 2005 and continuing through in or about May 2005, both dates being approximate and inclusive, **DAVIS** required MV#1 to provide to the defendants all of the proceeds she received from dancing and prostitution to the defendants;

q.    Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **DAVIS** required MV#2 to provide to the defendants all of the proceeds she received from dancing and prostitution to the defendants;

r.    **DAVIS** required other females to provide to the defendants all of the proceeds they received from dancing and prostitution to the defendants;

s.    Beginning in or about early 2005 and continuing through in or about May 2005, both dates being approximate and inclusive, **MCKENZIE** would often collect all of the day's proceeds for **DAVIS** from MV#1;

t.    Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **MCKENZIE** would often collect all of the day's proceeds

11

for **DAVIS** from MV#2;

u.    **MCKENZIE** would often collect all of the day's proceeds for **DAVIS** from other females working for **DAVIS**;

v.    Beginning in or about early 2005 and continuing through in or about May 2005, both dates being approximate and inclusive, **DAVIS** and **MCKENZIE** would obtain hotel rooms for MV#1 to stay when there were working more than one day at the same location;

w.    Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **DAVIS** and **MCKENZIE** would obtain hotel rooms for MV#2 to stay when she was working more than one day at the same location;

x.    **DAVIS** and **MCKENZIE** would obtain hotel rooms for the other females to stay when they were working more than one day at the same location;

y.    Beginning in or about early 2005 and continuing through in or about May 2005, both dates being approximate and inclusive, **MCKENZIE** maintained control of MV#1 by, *inter alia*, informing her about the "rules" and taking actions to ensure that she would not run away;

z.    Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **MCKENZIE** maintained control of MV#2 by, *inter alia*,

12

informing them about the "rules" and taking actions to ensure that she would not run away;

aa.   Beginning in or about early 2005 and continuing through in or about May 2005, both dates being approximate and inclusive, **DAVIS** would control almost all aspects of MV#1's daily life, including regulating her food intake;

bb.   Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **DAVIS** would control almost all aspects of MV#2's daily life, including regulating her food intake; and

cc.   Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, **DAVIS** and **MCKENZIE** both exercised control over MV#2's identification documents in an effort to further control MV#2's movements.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Sex Trafficking)

21.   The allegations contained in paragraphs 1 through 16 of Count One are re-alleged and incorporated as if fully set forth herein.

22.   Beginning in or about early 2005 and continuing through in or about May 2005, both dates being approximate and

13

inclusive, within the District of Connecticut and elsewhere, **COREY DAVIS, a.k.a. "Magnificent,"** the defendant herein, did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide and obtain a person, that is, MV#1, and did knowingly benefit financially and receive a thing of value from MV#1's participation in a venture which engaged in these acts, knowing that MV#1 had not attained eighteen (18) years of age and knowing that force, fraud and coercion would be used to cause MV#1 to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

## COUNT THREE
### (Sex Trafficking)

23.   The allegations contained in paragraphs 1 through 1-16 of Count One are re-alleged and incorporated as if fully set forth herein.

24.   Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, within the District of Connecticut and elsewhere, defendant **COREY DAVIS, a.k.a. "Magnificent,"** the defendant herein, did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide and obtain a person, that is, MV#2, and did knowingly benefit financially and receive a thing of value from participation in a venture which engaged in these acts, knowing that MV#2 had not attained eighteen

14

(18) years of age and knowing that force, fraud and coercion would be used to cause MV#1 to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

### COUNT FOUR
### (Forced Labor)

25.   The allegations contained in paragraphs 1 through 16 of Count One are re-alleged and incorporated as if fully set forth herein.

26.   Beginning in or about early 2005 and continuing through to in or about May 2005, both dates being approximate and inclusive, within the District of Connecticut and elsewhere, the defendants **COREY DAVIS, a.k.a. "Magnificent,"** the defendant herein, did knowingly and intentionally obtain the labor and services of a person, that is, MV #1 by means of threats of serious harm to and physical restraint against such person, and by means of a scheme, plan, and pattern intended to cause such person to believe that if she did not perform such labor or services, she or other persons would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Sections 1589(1), 1589(2), and 2.

### COUNT FIVE
### (Forced Labor)

27.   The allegations contained in paragraphs 1 through

1-16 of Count One are re-alleged and incorporated as if fully set forth herein.

28.   Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, within the District of Connecticut and elsewhere, the defendants **COREY DAVIS, a.k.a. "Magnificent,"** the defendant herein, did knowingly and intentionally obtain the labor and services of a person, that is, MV #2, whose true identity is known to the Grand Jury, by means of threats of serious harm to and physical restraint against such person, and by means of a scheme, plan, and pattern intended to cause such person to believe that if she did not perform such labor or services, she or other persons would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Sections 1589(1), 1589(2), and 2.

### COUNT SIX
### (Document Servitude)

29.   The allegations contained in paragraphs 1 through 16 of Count One are re-alleged and incorporated as if fully set forth herein.

30.   Beginning in January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, within the District of Connecticut and elsewhere, defendant **COREY DAVIS, a.k.a. "Magnificent,"** the defendant

16

herein, knowingly concealed, removed, confiscated, and possessed government identification documents of MV#2, in the course of a violation of Title 18, United States Code, Sections 1589 and 1591, and with intent to violate Title 18, United States Code, Sections 1589 and 1591.

(All in violation of 18 U.S.C. § 1592(a) and 2).

### COUNT SEVEN
### (Mann Act Violation - Transportation of a Minor for Immoral Purposes)

31.   The allegations contained in paragraphs 1 through 16 of Count One are re-alleged and incorporated as if fully set forth herein.

32.   Beginning in or about early 2005 and continuing through in or about May 2005, both dates being approximate and inclusive, within the District of Connecticut and elsewhere, the defendant **COREY DAVIS, a.k.a. "Magnificent,"** the defendant herein, did knowingly and intentionally transport in interstate commerce, a person, that is, MV #1, who had not attained eighteen years of age, with intent that such person engage in prostitution and other unlawful sexual activity.

All in violation of Title 18, United States Code, Sections 2423 and 2.

17

### COUNT EIGHT
### (Mann Act Violation - Transportation
### of a Minor for Immoral Purposes)

33.   The allegations contained in paragraphs 1 through 16 of Count One are re-alleged and incorporated as if fully set forth herein.

34.   Beginning in or about January 2006 and continuing through in or about March 2006, both dates being approximate and inclusive, within the District of Connecticut and elsewhere, the defendant **COREY DAVIS a.k.a. "Magnificent,"** the defendant herein, did knowingly and intentionally transport in interstate commerce a person, that is, MV #2, who had not attained eighteen years of age with intent that such person engage in prostitution and other unlawful sexual activity.

All in violation of Title 18, United States Code, Sections 2423 and 2.

### COUNT NINE
### (Mann Act Violation - Transportation for Immoral Purposes)

35.   The allegations contained in paragraphs 1 through 16 of Count One are re-alleged and incorporated as if fully set forth herein.

36.   In or about March 2006, within the District of Connecticut and elsewhere, the defendant **COREY DAVIS, a.k.a. "Magnificent,"** the defendant herein, did knowingly and intentionally transport in interstate commerce, a person, that

is, MV #2, with intent that such person engage in prostitution and other unlawful sexual activity.

All in violation of Title 18, United States Code, Sections 2421 and 2.

### COUNT TEN
### (Kidnapping)

37.   The allegations contained in paragraphs 1 through 16 of Count One are re-alleged and incorporated as if fully set forth herein.

38.   In or about January 2006, the exact date unknown to the Grand Jury, within the District of Connecticut and elsewhere, the defendant **COREY DAVIS, a.k.a. "Magnificent,"** the defendant herein, did willfully and unlawfully kidnap, abduct and carry away MV#2 in interstate commerce from New York to Connecticut, and did hold her for ransom, reward and otherwise.

All in violation of Title 18, United States Code, Sections 1201(g) and 2.

### TRAFFICKING CRIMINAL FORFEITURE ALLEGATION

39.   The allegations of Counts One through Nine of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1594(b).

40.   Upon conviction of one or more of the offenses alleged in Count(s) One Through Nine of this Indictment,

19

defendant **COREY DAVIS, a.k.a. "Magnificent,"** the defendant herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 1594(b), all property, real and personal, that was used or intended to be used to commit or to facilitate the commission of such offenses, and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of such offenses. The property to be forfeited includes, but is not limited to, the following:

### CASH

(a)  Approximately $29,255.28 in United States currency, seized as follows: (1) Approximately $4,225.28 on **DAVIS'S** person at the time of his arrest; and (2) Approximately $25,030.00 located within a Mercedes Benz, white-colored (2-door) bearing vehicle identification number WDBPJ75J4YA005311.

### VEHICLES

(a) a Mercedes Benz, white (2-door) bearing vehicle identification number WDBPJ75J4YA005311;and

(b) a Mercedes Benz, silver-colored bearing vehicle identification number WDBPJ75J01A015792.

### JEWELRY

Five pieces of jewelry found on Davis's person at the time of his arrest estimated to be worth $110,000 which include:

(a) a Jacob & Co. watch (silver colored with diamond stones)

with an estimated replacement value of $91,000;

(b) a ring (silver-colored with diamond stones) with an estimated replacement values of $4,000

(c) a ring (silver-colored with diamond stones) with an estimated replacement value of $10,000;

(d) one necklace with pendant (silver-colored with diamond type stones) with an estimated replacement value of $4,500; and

(e)  one earring (silver colored with a diamond stones) with an estimated replacement value of $500.00.

### REAL PROPERTY

(a)  A two-family residence (right-side residence) located located at 143-12 184th Street, Springfield Gardens (Queens), New York, 11413.


41.   If any of the property described in paragraph 40 hereof as being forfeitable pursuant to Title 18, United States Code, Section 1594(b), as a result of any act or omission of the defendant(s) --

> a.    cannot be located upon the exercise of due diligence;

> b.   has been transferred to, sold to, or deposited with a third party;

      c.    has been placed beyond the jurisdiction of this Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

It is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated through Title 28, United States Code, Section 2461(c), to seek forfeiture of all other property of the defendant(s) up to the value of the property described in subparagraphs a through e of this paragraph.

All pursuant to Title 18, United States Code, Section 1594(b).

A TRUE BILL

_____
FOREPERSON

_____
JOHN H. DURHAM
DEPUTY UNITED STATES ATTORNEY

_____
ALEX V. HERNANDEZ
SUPERVISORY ASSISTANT U.S. ATTORNEY

_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY

_____
ANDREW J. KLINE
SPECIAL LITIGATION COUNSEL
CIVIL RIGHTS DIVISION