**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*915 Lafayette Blvd, Rm 309*
*Bridgeport, Connecticut 06604*  Fax (203) 773-5376

August 22, 2007

Diane Polan, Esq.
Law Offices of Diane Polan, LLC
129 Church Street, # 802
New Haven, Connecticut 06510

      Re:    **United States v. Shamere McKenzie**
              Criminal No. 3:07 cr 011(JCH)

Dear Attorney Polan:

      This letter confirms the plea agreement entered into between your client, Shamere McKenzie (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

      The defendant agrees to plead guilty to count one of the indictment charging her with conspiracy to commit Mann Act violations, in violation of Title 18 U.S.C. § 371. She understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

### 18 U.S.C. §371- Conspiracy

      First, that two or more persons entered the unlawful agreement to commit violations under 18 U.S.C. 2421 as charged in the indictment;

      Second, that the defendant knowingly and willfully became a member of the conspiracy;

      Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

      Fourth, that the overt acts were committed to further some objective of the conspiracy.

**THE PENALTIES**

This offense carries a maximum penalty of five years imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should she violate any condition of the supervised release during its term, she may be required to serve a further term of imprisonment equal to the period of the supervised release with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663A. However, the government will not seek restitution from the defendant.

**THE SENTENCING GUIDELINES**

1. Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guideline application is other than she anticipated.

2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, if the offense level is 16 or greater, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of her intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding her commission of the offense, of her criminal history, and of her financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning her involvement in the offense to which she is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw her plea of guilty. The defendant expressly understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

### 3. Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances she is entitled to appeal her conviction and sentence. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed six months and a three-year term of supervised release even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant expressly acknowledges that she is knowingly and intelligently waiving her appellate rights.

### 4. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, and the right to compulsory process for the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, she could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove her innocence. The defendant fully understands her right to have all the physical evidence in this case tested for DNA, has discussed this right with her counsel, and knowingly and voluntarily waives her right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because she is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant expressly acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights she may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

The defendant further understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal

5

liability of the defendant in the District of Connecticut as a result of her participation in the conspiracy, which forms the basis of the indictment in this case. After sentencing, the Government will move to dismiss any remaining counts against this defendant.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw her plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/

KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachment(s) with counsel and that she fully understands and accepts its terms.

/s/                                              08/22/07
SHAMERE MCKENZIE                                 Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

/s/                                              8/22/07
DIANE POLAN, ESQ.                                Date

Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

**Shamere McKenzie, a.k.a. "Barbie" ("McKenzie")**, was born on or about July 21, 1983. In or about January 2005, McKenzie met Corey Davis, a.k.a. "Magnificent," a pimp, and subsequently became his "bottom," the pimp's most trusted prostitute. Beginning in or about May 2005, at Davis's direction, Mckenzie transported the females who worked for Davis to Connecticut to work at various adult strip clubs. While working at the various strip clubs the females danced and also engaged in unlawful sexual acts for money. McKenzie at times also booked hotel rooms for the females to stay while they were working in Connecticut and elsewhere. At various times during the period of the conspiracy, McKenzie was tasked to inform the females about the "rules" of the pimping business, reported to Davis about their work, and collected the money from all of the females for Davis.

/s/     8/22/07